FILED

1  Stephen M. Harris (State Bar No. 110626)
   smh@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   550 North Brand Boulevard, Suite 1500
3  Glendale, California 91203-1922
   Telephone: (818) 547-5000
4  Facsimile: (818) 547-5329

2012 FEB -2  PH 2: 55

CLERK U.S. DIST. COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

5  Attorneys for Plaintiff
   ANI AVEDISIAN aka ANI ACEVEDO,
6  individually, and on behalf of a class of similarly
   situated individuals
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 ANI AVEDISIAN aka ANI ACEVEDO,        NO. CV 12  0936 MCP (CWx)
   individually, and on behalf of a class of
12 similarly situated individuals,         [CLASS ACTION]

13         Plaintiff,                       COMPLAINT FOR:

14     v.                                   1.   Violations of Consumer Legal
                                                 Remedies Act
15 MERCEDES-BENZ USA, LLC, and Does        2.   Unfair Competition
   1 to 10,                                 3.   Breach of Express Warranty
16                                          4.   Breach of Implied Warranty
           Defendants.                      5.   Fraud
17
                                           DEMAND FOR JURY TRIAL
18

19

20

21

22

23

24

25

26

27
KNAPP,
PETERSEN
& CLARKE  28

                              -1-

1411950.1  08000/00941

1.    The court has subject matter jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. § 1332(a) since the amount in controversy exceeds $75,000 and plaintiff and defendant are from different states.  Here, plaintiff is from California and defendant is from New Jersey.

2.    Also, venue is proper in the Central District pursuant to 28 U.S.C. § 1391(a) since a substantial part of the events or omissions on which the claims are based occurred in the Central District.

3.    Plaintiff Ani Avedisian aka Ani Acevedo brings this action for herself and on behalf of all persons in the State of California who purchased or leased 2006-2011 Mercedes-Benz vehicles ("Class Vehicles") that were manufactured, distributed, and sold by Mercedes-Benz USA, LLC and/or its related subsidiaries and affiliates ("MERCEDES" or "Defendant").

4.    The Class Vehicles' mechanical failure is that the chrome coating on the defective chrome plated interior trim pieces flake, crack, and peel, thereby creating sharp edges on the defective chrome plated interior trim pieces.  These sharp edges constitute a safety hazard since consumers who touch or grab the flaking, cracking, and peeling chrome pieces can and have lacerated fingers, resulting in injuries.  This is referred to as the "Chrome Defect".

5.    All people who purchased or leased Class Vehicles are class members.

6.    Because of the defects in the design, manufacture, and assembly of chrome plated trim pieces installed in the Class Vehicles, they are susceptible to frequent instances of flaking, cracking, and peeling chrome pieces.

7.    It is believed and therefore alleged that MERCEDES knew about the Chrome Defect for several years, even dating back before the sale of the Class Vehicles. However, MERCEDES neither remedied this problem nor advised consumers about the Chrome Defect before the Class Vehicles were purchased or leased by Class Members.

///

KNAPP,
PETERSEN
& CLARKE

-2-

1411950.1   08000/00941

1    8.    Despite MERCEDES knowing about the Chrome Defect, MERCEDES

2  did not recall the Class Vehicles to repair the Chrome Defect and did not offer to

3  reimburse owners and lessees of the Class Vehicles who incurred costs relating to

4  the Chrome Defect.

5                        CLASS ACTION ALLEGATIONS

6    9.    This suit is maintainable as a class action pursuant to Federal Rule of

7  Civil Procedure 23(a) since the class is so numerous that joinder of all members is

8  impracticable, there are questions of law and fact common to the class, Plaintiff's

9  claims are typical of the class, and Plaintiff will fairly and adequately protect the

10  class' interests.

11    10.    Also, pursuant to Rule 23(b), prosecuting separate actions by

12  individual class members would create a risk of inconsistent or varying

13  adjudications with respect to individual class members that would establish

14  incompatible standards of conduct for the party opposing the class.

15    11.    The Class and Sub-Class are defined as follows:

16    Class: All people in the State of California who purchased or leased

17    a Class Vehicle.

18    CRLA Sub-Class: All Class Members who are consumers within the meaning

19    of Civil Code section 1761(d).

20    12.    Excluded from the Class and Sub-Class are the following: 1)

21  Defendant, any entity or division that Defendant has a controlling interest in and its

22  legal representatives, officers, directors, assigns, and successors, 2) the judge to

23  whom this case is assigned and the judge's staff, 3) people who suffered personal

24  injuries as a result of the facts alleged.  Plaintiff reserves the right to amend the

25  Class and Sub-Class definitions if discovery and further investigation reveal that

26  that the definitions should be expanded or modified.

27    13.    Numerosity: Although the exact number of Class Members is uncertain

28  and can only be obtained through discovery, the number is so great that joinder is

KNAPP,
PETERSEN
& CLARKE

-3-

1411950.1   08000/00941

1 impracticable. The disposition of the claims of these Class Members in a single

2 action will provide substantial benefits to all parties and the court. The class

3 members are readily identifiable from information and records in Defendant's

4 custody, possession, or control, as well as from DMV records.

5       14.   <u>Typicality</u>: Plaintiff's claims are typical of the Class since she, like the

6 Class Members, purchased and/or leased a Class Vehicle designed, manufactured,

7 and distributed by MERCEDES. Plaintiff, like all Class Members, was damaged

8 by Defendant's misconduct since she incurred or will incur repair costs that relate

9 to the Chrome Defect. Also, the factual bases of MERCEDES' misconduct are

10 common to all Class Members and represent a common thread of fraudulent,

11 deliberate, and negligent misconduct resulting in injuries to all Class Members.

12       15.   <u>Commonality</u>: There are numerous questions of law and fact common

13 to Plaintiff and the Class Members that predominate over any question affecting

14 only individual Class Members:

15          a. Whether the Class Vehicles suffer from the Chrome Defect;

16          b. Whether the Chrome Defect is an unreasonable safety risk;

17          c. Whether Defendant knows about the Chrome Defect and if so,

18 how long Defendant knew of the defect;

19          d. Whether the defective nature of the Class Vehicles is material;

20          e. Whether Defendant had a duty to disclose the defective nature of

21 the Class Vehicles to Plaintiff and Class Members;

22          f. Whether Plaintiff and the other Class Members are entitled to

23 equitable relief, including but not limited to a preliminary and/or permanent

24 injunction.

25          g. Whether Defendant knew or reasonably should have known of

26 the Chrome Defect in the Class Vehicles before it sold or leased them to Class

27 Members;

28 ///

KNAPP,
PETERSEN
& CLARKE

-4-

1      h.  Whether Defendant is financially responsible for notifying all

2  Class Members of the problems with the Class Vehicles, and for the costs and

3  expenses of repair and replacement of the Class Vehicles;

4      i.  Whether Defendant breached the express terms of its own

5  warranty by refusing to repair damage caused by the Chrome during the term of the

6  warranty;

7      j.  Whether Defendant concealed and refused to disclose the nature

8  of the Chrome Defect from purchasers and lessees of Class Vehicles at the time of

9  sale and otherwise.

10     16.  Adequate Representation:  Plaintiff will fairly and adequately protect

11  the interests of the Class Members.  Plaintiff has retained attorneys experienced in

12  prosecuting class actions, including consumer and product defect class actions, and

13  Plaintiff will prosecute this action vigorously.

14     17.  Predominance and Superiority: Plaintiff and the Class Members have

15  suffered and will continue to suffer harm and damages as a result of Defendant's

16  unlawful and wrongful conduct.  A class action is superior to other available

17  methods for the fair and efficient adjudication of the controversy.  Absent a class

18  action, most Class Members would likely find the cost of litigating their claims

19  prohibitively high and would therefore have no effective remedy at law.  Because

20  of the relatively small size of the individual Class Members' claims, it is likely that

21  only a few Class Members could afford to seek legal redress for Defendant's

22  misconduct.  Absent a class action, Class Members will continue to incur damages,

23  and Defendant's misconduct will continue without remedy.  Class treatment of

24  common questions of law and fact would also be a superior method to multiple

25  individual actions or piecemeal litigation in that class treatment will conserve the

26  resources of the courts and the litigants, and will promote consistency and

27  efficiency of adjudication.

28  ///

KNAPP,
PETERSEN
& CLARKE

-5-

1    18.    <u>Proposed Notice to Class</u>: Plaintiff proposes to send notice to the Class

2  Members by first class mail to each of the Class Members' last known addresses.

3            **TOLLING OF THE STATUTE OF LIMITATIONS**

4    19.    Since the defects in the design and manufacture of the Class Vehicles

5  cannot be detected until the defect manifests, Plaintiff and the Class Members were

6  not able to discover the Chrome Defect until long after purchasing or leasing the

7  Class Vehicles.

8    20.    Despite Plaintiff's and the Class Members' due diligence, Plaintiff and

9  the Class Members reasonably could not have known about the Chrome Defect.

10 Therefore the delayed discovery rule applies.

11   21.    Any application of a statute of limitation is therefore tolled by

12 MERCEDES' active concealment.  MERCEDES is estopped from relying on a

13 statute of limitation.

14   22.    Plaintiff's Ani Avedisian's declaration is attached hereto as Exhibit 2.

15            **FIRST CAUSE OF ACTION**

16       **(Violation of the Consumer Legal Remedies Act,**

17            **Civil Code § 1750, et seq.)**

18            **Against All Defendants**

19   23.    Plaintiff incorporates by reference the allegations contained in the

20 preceding paragraphs of this Complaint.

21   24.    Plaintiff brings this cause of action on behalf of herself and on behalf

22 of the members of the CLRA Sub-Class.

23   25.    Defendant is a "person" as defined by California Civil Code § 1761(c).

24   26.    Plaintiff and Class Members are "consumers" within the meaning of

25 California Civil Code § 1761(d).

26   27.    By failing to disclose and concealing the defective nature of the Class

27 Vehicles from Plaintiff and prospective Class Members, Defendant violated Civil

28 Code § 1770(a), as it represented that Class Vehicles had characteristics and

KNAPP,
PETERSEN
& CLARKE

-6-

1 benefits that they do not have, and represented that the Class Vehicles were of a

2 particular standard, quality, or grade when they were of another. *See* Cal. Civ.

3 Code § 1770(a) (5) & (7).

4    28.    Defendant's unfair and deceptive acts or practices occurred repeatedly

5 in Defendant's trade or business, were capable of deceiving a substantial portion of

6 the purchasing public, and imposed a serious safety risk on the public.

7    29.    Defendant knew that the Class Vehicles suffered from an inherent

8 defect, were defectively designed or manufactured, would fail prematurely due to

9 the Chrome Defect, and were not suitable for their intended use.

10    30.    Defendant was under a duty to Plaintiff and the Class Members to

11 disclose the defective nature of the Chrome Defect, as well as the associated costs

12 that would have to frequently be expended in order to repair the Class Vehicles due

13 to the Chrome Defect, because:

14        a.  Defendant was in a superior position to know the true state of

15 facts about the safety defect in the Class Vehicles, and relating to the Chrome

16 Defect;

17        b.  Plaintiff and the Class Members could not reasonably have been

18 expected to learn or discover that the Class Vehicles had a dangerous safety defect

19 until manifestation of the defect; and

20        c.  Defendant knew that Plaintiff and the Class Members could not

21 reasonably have been expected to learn or discover the safety defect.

22    31.    In failing to disclose the defective nature of the Class Vehicles,

23 Defendant has knowingly and intentionally concealed material facts and breached

24 its duty by not so doing.

25    32.    The facts concealed or not disclosed by Defendant to Plaintiff and the

26 Class Members are material in that a reasonable consumer would have considered

27 them to be important in deciding whether or not to purchase a Class Vehicle.  Had

28 Plaintiff and other Class Members known that the Class Vehicles had the Chrome

KNAPP,
PETERSEN
& CLARKE

-7-

1  Defect, they would not have purchased Class Vehicles.

2      33.    Plaintiff and the Class Members are reasonable consumers who did not

3  expect their Class Vehicles would experience a Chrome Defect.  That is the

4  reasonable and objective consumer expectation relating to the Chrome Defect.

5      34.    As a result of Defendant's conduct, Plaintiff and Class Members have

6  been harmed and have suffered actual damages in that the Class Vehicles are

7  continually experiencing the Chrome Defect, causing inconvenience, creating a

8  serious safety hazard, and causing Class Members to spend money to repair the

9  defect.

10      35.    Plaintiff and the Class are entitled to equitable relief.

11      36.    Plaintiff has provided MERCEDES with notice of its alleged violations

12  of the CLRA pursuant to Civil Code § 1782(a).  MERCEDES failed to provide the

13  appropriate relief for its violation of the CLRA within 30 days of the date of the

14  notification letter.  A true and correct copy of the letter is attached hereto as

15  Exhibit 1.

16      37.    Pursuant to § 1782(a), also seeks actual, statutory, and punitive

17  damages in addition to equitable relief.

18                    **SECOND CAUSE OF ACTION**

19                        **(Unfair Competition)**

20                        **Against All Defendants**

21      38.    Plaintiff hereby incorporates by reference the allegations contained in

22  the preceding paragraphs of this Complaint.

23      39.    Business & Professions Code § 17200 prohibits acts of "unfair

24  competition," including any "unlawful, unfair or fraudulent business act or

25  practice" and "unfair, deceptive, untrue or misleading advertising."

26  ///

27  ///

28  ///

KNAPP,
PETERSEN
& CLARKE

-8-

40.     Plaintiff and the Class Members are reasonable consumers who do not expect their Class Vehicles to experience the Chrome Defect.  That is the reasonable and objective consumer expectation relating to the Class Vehicles.

41.     Defendant knew that the Class Vehicles suffered from an inherent defect, were defectively designed or manufactured, would experience the Chrome Defect, and were not suitable for their intended use.

42.     In failing to disclose the Chrome Defect, Defendant knowingly and intentionally concealed material facts and breached its duty not to do so.

43.     Defendant was under a duty to Plaintiff and the Class Members to disclose the defective nature of the Class Vehicles because:

        a.  Defendant was in a superior position to know the true state of facts about the Chrome Defect in the Class Vehicles;

        b.  Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles; and

        c.  Defendant actively concealed the defective nature of the Class Vehicles from Plaintiff and the Class.

44.     The facts concealed or not disclosed by Defendant to Plaintiff and the Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase the Class Vehicles.  If Plaintiff and other Class Members had known that the Class Vehicles had the Chrome Defect, Plaintiff and the Class Members would not have purchased Class Vehicles.

45.     Defendant continued to conceal the defective nature of the Class Vehicles even after Class Members began to report problems.  Indeed, Defendant continues to cover up and conceal the true nature of the problem, even though it has paid for repairs relating to the Chrome Defect.  Defendant has failed to repair the Chrome Defect, and failed to disclose to consumers that the Chrome Defect still exists in all of the Class Vehicles.  Defendant also failed to reimburse consumers

KNAPP,
PETERSEN
& CLARKE

-9-

1  for costs incurred in connection with the Chrome Defect even when these repair

2  costs were covered by the terms of its extended warranty.

3    46.    By its conduct, Defendant engaged in unfair competition and unlawful,

4  unfair, and fraudulent business practices.

5    47.    Defendant's unfair or deceptive acts or practices occurred repeatedly in

6  Defendant's trade or business, and were capable of deceiving a substantial portion

7  of the purchasing public.

8    48.    As a direct and proximate result of Defendant's unfair and deceptive

9  practices, Plaintiff and the Class have suffered and will continue to suffer actual

10  damages.

11    49.    Defendant was unjustly enriched and should be required to make

12  restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the

13  Business & Professions Code.

14  **THIRD CAUSE OF ACTION**

15  **(Breach of Express Warranty)**

16  **Against All Defendants**

17    50.    Plaintiff hereby incorporates by reference the allegations contained in

18  the preceding paragraphs of this Complaint.

19    51.    Defendant provided Plaintiff and Class Members with an express

20  warranty that Class Members would be reimbursed for any repair costs incurred for

21  damage to Class Vehicles which related to the Chrome Defect.

22    52.    Class Members, including Plaintiff, incurred repair costs (and even

23  personal injury damages) relating to the Chrome Defect which were covered by the

24  express terms of the warranty.

25    53.    Defendant wrongfully refused to cover the costs of repairs that resulted

26  from the Chrome Defect. This refusal is a breach of the express warranty and

27  resulted in Plaintiff and the class suffering damage.  Furthermore, Defendant

28  continues to refuse to pay for the repairs which are necessary as a result of the

KNAPP,
PETERSEN
& CLARKE

-10-

1   Chrome Defect, wrongfully indicating to consumers that the damage is not covered

2   by the terms of the express warranty.

3      54.   Defendant's failure to repair the Chrome Defect related damage under

4   the terms of the express warranty caused the warranty to fail for its essential

5   purpose, as a result of which Plaintiff and the class are entitled to damages flowing

6   from the breach of express warranty.

**FOURTH CAUSE OF ACTION**

**(Breach of Implied Warranty)**

9      55.   Plaintiff hereby incorporates by reference the allegations contained in

10   the preceding paragraphs of the complaint.

11      56.   Civil Code section 1791.1(a) provides an implied warranty means the

12   goods meet each of the following: 1) pass without objection in the trade under the

13   contract description, 2) are fit for the ordinary purposes for which such goods are

14   used, 3) are adequately contained, packaged, and labelled, and 4) conform to the

15   promises and affirmations of fact contained on the container or label.

16      57.   The core test for merchantability is fitness for the ordinary purpose for

17   which goods are used. (*Isip v. Mercedes-Benz USA, LLC* (2007) 155 Cal.App.4[th]

18   19, 26-27.)

19      58.   Civil Code section 1791.1(c) provides that the duration of the implied

20   warranty of merchantability is coextensive with the express warranty that

21   accompanies the consumer good.

22      59.   Civil Code section 1792 provides that the implied warranty of

23   merchantability applies to the sale of all consumer goods.

24      60.   The Class Vehicles did not have the quality that a buyer would

25   reasonably expect due to the Chrome Defect.

26      61.   At the time of purchase, MERCEDES was in the business of

27   manufacturing consumer goods, namely the Class Vehicles.

28   ///

KNAPP,
PETERSEN
& CLARKE

-11-

1    62.    The Class Vehicles were not fit for the ordinary purpose for which

2    such goods are used due to the Chrome Defect.

3    63.    Therefore, Civil Code section 1794(b) provides the measure of the

4    buyer's damages includes the right of replacement or reimbursement pursuant to

5    Civil Code section 1793.2(d), and where the buyer has accepted the goods

6    Commercial Code sections 2714 and 2715 apply and the measure of damages

7    includes the cost of repair necessary to make the goods conform.

8    64.    Finally, Civil Code section 1794(d) provides that if the buyer prevails,

9    the buyer is entitled to a sum equal to the aggregate amount of costs and expenses,

10    including attorney fees based on actual time expended.

11    **FIFTH CAUSE OF ACTION**

12    **(Fraud by Omission)**

13    **Against All Defendants**

14    65.    Plaintiff hereby incorporates by reference the allegations contained in

15    the preceding paragraphs of this Complaint.

16    66.    Defendant knew or should have known that the Chrome Defect in its

17    Class Vehicles was a condition rendering the Class Vehicles defectively designed

18    or manufactured, causing the Class Vehicles to fail prematurely and rendering the

19    vehicles not suitable for their intended use.

20    67.    Defendant concealed from and failed to disclose to Plaintiff and the

21    Class the defective nature of the Chrome Defect.

22    68.    Defendant was under a duty to Plaintiff and the Class to disclose the

23    defective nature of the Chrome Defect because:

24           a.    Defendant was in a superior position to know the true state of

25    facts about the Chrome Defect in the Class Vehicles;

26           b.    Defendant made partial disclosures about the quality of the Class

27    Vehicles without revealing the defective nature of the Class Vehicles; and

28    ///

KNAPP,
PETERSEN
& CLARKE

-12-

1        c.  Defendant actively concealed the defective nature of the Class

2   Vehicles from Plaintiff and the Class.

3        69.    The facts concealed or not disclosed by Defendant to Plaintiff and the

4   Class Members are material in that a reasonable person would have considered

5   them to be important in deciding whether to purchase the Class Vehicles.  If

6   Plaintiff and other Class Members had known that the Class Vehicles had the

7   Chrome Defect, Plaintiff and the Class Members would not have purchased Class

8   Vehicles.

9        70.    Defendant continued to conceal the defective nature of the Class

10  Vehicles even after Class Members reported problems.  Defendant continues to

11  cover up and conceal the true nature of the problem, even though it has paid for

12  repairs relating to the Chrome Defect.  Defendant failed to repair the Chrome

13  Defect, and failed to disclose to consumers that the Chrome Defect still exists in all

14  of the Class Vehicles.

15       71.    Defendant concealed or failed to disclose the true nature of the design

16  or manufacturing defect consisting of the Chrome Defect existing in its Class

17  Vehicles to induce Plaintiff and the Class to act. Plaintiff and the Class justifiably

18  relied on the omission to their detriment. This detriment is evident from Plaintiff's

19  and Class Members' purchase or lease of Defendant's Class Vehicles.

20       72.    Defendant continued to conceal the defective nature of the Chrome

21  Defect even after Class Members began to report problems. Defendant continues to

22  cover up and conceal the true nature of the problem today, including denying

23  reimbursement of repair costs related to the Chrome Defect.

24       73.    As a direct and proximate result of Defendant's misconduct, Plaintiff

25  and the Class have suffered and will continue to suffer actual damages.

26                              **RELIEF REQUESTED**

27       74.    Plaintiff, on behalf of herself, and all others similarly situated, requests

28  the Court to enter judgment against Defendant, as follows:

KNAPP,
PETERSEN
& CLARKE

-13-

1                a.  An order certifying the proposed Class and Sub-Class,

2  designating Plaintiff as named representative of the Class, and designating the

3  undersigned as Class Counsel;

4                b.  A declaration that Defendant is financially responsible for

5  notifying all Class Members about the defective nature of the Class Vehicles;

6                c.  An order enjoining Defendant from further deceptive

7  distribution, sales, and lease practices with respect to the Class Vehicles, and to

8  repair the Class Vehicles so that they will no longer possess the Chrome Defect;

9                d.  An award to Plaintiff and the Class of compensatory, exemplary,

10  and statutory damages, including interest, in an amount to be proven at trial;

11                e.  An award to Plaintiff and the Class of any repair costs they are

12  owed under the terms of Defendant's express warranty;

13                f.  A declaration that Defendant must disgorge, for the benefit of

14  the Class, all or part of the ill-gotten profits it received from the sale or lease of the

15  Class Vehicles, or make full restitution to Plaintiff and Class Members;

16                g.  An award of attorneys' fees and costs, as allowed by law,

17  including the CRLA;

18                h.  An award of attorneys' fees and costs pursuant to California

19  Code of Civil Procedure § 1021.5;

20                i.  An award of pre-judgment and post-judgment interest, as

21  provided by law;

22                j.  Leave to amend the Complaint to conform to the evidence

23  produced at trial; and

24                k.  Such other relief as may be appropriate under the circumstances.

25  ///

26  ///

27  ///

28  ///

KNAPP,
PETERSEN
& CLARKE

-14-

1

## DEMAND FOR JURY TRIAL

2    75.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a

3  trial by jury of any and all issues in this action so triable of right.

4  Dated:  February ___, 2012              KNAPP, PETERSEN & CLARKE

5

6

7                                         By: _____
                                              Stephen M. Harris
8                                             Attorneys for Plaintiff
                                              ANI AVEDISIAN aka ANI
9                                             ACEVEDO, individually, and on
                                              behalf of a class of similarly situated
10                                            individuals

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

KNAPP,      27
ETERSEN
CLARKE      28

-15-



**EXHIBIT 1**

550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922 • (818) 547-5000 • Facsimile: (818) 547-5329

Direct Dial: (818) 547-5149
E-Mail: smh@kpclegal.com

October 12, 2011

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ernst Lieb, President                           Ernst Lieb, President
Mercedes-Benz USA, LLC                  Mercedes-Benz USA, LLC
c/o CT Corporation System                 One Mercedes Drive
818 West 7th Street                              Montvale, NJ 07645
Los Angeles, CA 90017

     Re:    Consumer Legal Remedies Act Claim Relating To All Mercedes-Benz
               Vehicles Which Were Sold With Defective Chrome Plated Interior Trim
               Pieces
               Our Client:         Ani Avedisian
               Our Client's Vehicle:  2006 Mercedes-Benz CLS
               Our File No.:      8000-0941

Dear Mr. Lieb:

Pursuant to the California Consumer Legal Remedies Act ("CLRA"), California Civil Code
section 1750 et seq., and specifically, sections 1782(a)(1) and (2), I hereby notify you that
Mercedes-Benz USA, LLC, and/or its subsidiaries or affiliates (collectively "Mercedes") have
violated section 1770 of the CLRA by warranting, advertising, and selling Mercedes-Benz
vehicles with defective chrome plated interior trim pieces ("Class Vehicles"). The chrome
coating on the defective chrome plated interior trim pieces flakes, cracks, and peels, creating
sharp edges on the defective chrome plated interior trim pieces. These sharp edges are a safety
hazard, because consumers who touch and/or grab these pieces can and have lacerated their
fingers resulting in injury ("Chrome Defect").

Mercedes knows, and has known, that it has sold vehicles with the Chrome Defect. Mercedes
knows, and has known, that the chrome defect is a serious safety hazard and has resulted in
consumers suffering serious injury.

It is believed and alleged that Mercedes has known about the Chrome Defect for several years,
even dating back prior to the sale of the Class Vehicles; however, Mercedes has failed to remedy
this problem, and Mercedes has failed to advise consumers prior to consumers purchasing the
Class Vehicles that the Chrome Defect exists.



Knapp
Petersen
Clarke
A PROFESSIONAL CORPORATION

Ernst Lieb, President
Mercedes-Benz USA, LLC
Re:  Consumer Legal Remedies Act Claim Relating To All Mercedes-Benz Vehicles Which
     Were Sold With Defective Chrome Plated Interior Trim Pieces
October 12, 2011
Page 2

There have been numerous consumer complaints about the Chrome Defect, there have been numerous consumer complaints regarding consumers having to pay money as a result of the Chrome Defect, and there have been numerous complaints about consumers being injured as a result of the Chrome Defect. Mercedes has failed to warn Ms. Avedisian about the Chrome Defect prior to Ms. Avedisian obtaining her vehicle. As a consequence, Ms. Avedisian, and other owners and lessees of Class Vehicles, have suffered damage.

The harm suffered to Ms. Avedisian is that the chrome plating on the interior trim pieces of Ms. Avedisian's vehicle have peeled. The peeling has resulted in sharp edges which have lacerated the hand of at least one person who has ridden in Ms. Avedisian's vehicle. Ms. Avedisian has taken her vehicle to an authorized Mercedes-Benz repair facility and requested that the Chrome Defect be repaired; however, the Mercedes-Benz authorized repair facility refused to repair the Chrome Defect unless Ms. Avedisian paid for the repairs. Ms. Avedisian has elected to have the vehicle repaired elsewhere, and has incurred expenses relating to repairing the Chrome Defect.

Mercedes' conduct in warranting, advertising, and selling the Class Vehicles knowing that they contained this defect constitutes the following violations of section 1770:

      1.     Mercedes represented that the Class Vehicles have characteristics or benefits which they do not have (§ 1770(a)(5));

      2.     Mercedes has falsely represented that the Class Vehicles are of a particular standard, quality, or grade when they are of another (§ 1770(a)(7));

      3.     Mercedes advertised the Class Vehicles with the intent not to sell them as advertised (§ 1770(a)(9)).

Pursuant to section 1782 of the CLRA, based on the foregoing we hereby demand that within thirty (30) days of receiving this letter, Mercedes (1) reimburse all consumers who have suffered financial loss as a result of the Chrome Defect; (2) either repurchase all of the Class Vehicles due to the fact that Mercedes-Benz has breached its implied warranty by selling Class Vehicles which are not fit for the ordinary and anticipated purposes for which they were purchased by consumers; or (3) repair the Chrome Defect for all of the Class Vehicles.

Unless Mercedes takes such action as demanded above within thirty (30) days after your receipt of this letter, we intend to file a suit for damages and injunctive relief pursuant to the California



Ernst Lieb, President
Mercedes-Benz USA, LLC
Re:   Consumer Legal Remedies Act Claim Relating To All Mercedes-Benz Vehicles Which
        Were Sold With Defective Chrome Plated Interior Trim Pieces
October 12, 2011
Page 3


Consumer Legal Remedies Act, as well as based on other statutory grounds, on behalf of all
owners and lessees of the Class Vehicles residing anywhere in the United States.

If you have any questions regarding this notice and demand, please contact me at
(818) 547-5149.

                                    Very truly yours,

                                    KNAPP, PETERSEN & CLARKE


                                    Stephen M. Harris


SMH:mo



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Ernst Lieb, President, Mercedes-Benz USA, LLC
Street, Apt. c/o CT Corporation System, 818 West 7th Street
or PO Box
City, State, Los Angeles, CA 90017

PS Form 3800, August 2006      See Reverse for Instructions

7009 1410 0000 9490 5243

LOS ANGELES, CA 90052

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ernst Lieb, President
Mercedes-Benz USA, LLC
c/o CT Corporation System
818 West 7th Street
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Rudy Rivera*        ☐ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
*RUDY RIVERA*        10/24/11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)           ☐ Yes

2. Article Number
(Transfer from service label)

7009 1410 0000 9490 5243

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

LOS ANGELES, CA 90052
OCT 12 2011
Postmark Here
USPS

Sent To
Ernst Lieb, President, Mercedes-Benz USA, LLC
Street, Apt. No. or PO Box No.
One Mercedes Drive, Montvale, NJ 07645
City, State, Zip

7009 1410 0000 9490 5250

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ernst Lieb, President
Mercedes-Benz USA, LLC
One Mercedes Drive
Montvale, NJ 07645

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _m RWane_     ☐ Agent   ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:       ☐ No

MONTVALE NJ
OCT 18 2011
07645

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   *(Transfer from service label)*
   7009 1410 0000 9490 5250

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT 2

1   Stephen M. Harris (State Bar No. 110626)
    e-mail: smh@kpclegal.com
2   KNAPP, PETERSEN & CLARKE
    550 North Brand Boulevard, Suite 1500
3   Glendale, California 91203-1922
    Telephone: (818) 547-5000
4   Facsimile: (818) 547-5329

5

6   Attorneys for Plaintiff ANI AVEDISIAN
    individually, and on behalf of a class of
7   similarly situated individuals

8

              UNITED STATES DISTRICT COURT

9

10            CENTRAL DISTRICT OF CALIFORNIA

11   ANI AVEDISIAN aka ANI        Case Number:
    ACEVEDO, individually, and on    CLASS ACTION
12   behalf of a class of similarly situated
    individuals,                  AFFIDAVIT OF ANI AVEDISIAN
13                          AKA ANI ACEVEDO PURSUANT TO
14          Plaintiff,         CIVIL CODE § 1780(d)

15       v.

16

17   MERCEDES-BENZ USA, LLC, and
    DOES 1 to 10,
18

19        Defendants.

20

21   I, Ani Avedisian aka Ani Acevedo, declare the following:

22        1.     I make this declaration based on personal knowledge except on those

23   matters based on information and belief that I believe are true.

24        2.     I am over 18 years old and a California resident. I reside in

25   Northridge, CA and I am a plaintiff in this case.

26        3.     In May 2009 I purchased a Mercedes-Benz CLS from Keyes

27   Mercedes in Van Nuys.

28

1    4.    To the best of my knowledge, based on information and belief,

2  defendant Mercedes-Benz USA, LLC is a New Jersey limited liability company

3  with its principal place of business in Montvale, New Jersey.  Mercedes-Benz

4  USA, LLC is domiciled in California at 818 W. Seventh St., Los Angeles, CA

5  90017.

6

7  I declare under penalty of perjury that the foregoing is true and correct.

8

9  Date: January 30, 2012

10                                            Ani Avedisian aka
                                              Ani Acevedo

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stephen M. Harris (SBN 110626)
Knapp, Petersen & Clarke
550 North Brand Boulevard, Suite 1500
Glendale, CA 91203
Tel: 818-547-5000 Fax: 818-547-5329
smh@kpclegal.com
Attorneys for Plaintiff Ani Avedisian, aka Ani
Acevedo, individually, and on behalf of a class of
similarly situated individuals

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI AVEDISIAN aka ANI ACEVEDO, individually, and on behalf of a class of similarly situated individuals, <br><br> PLAINTIFF(S) <br><br> v. <br><br> MERCEDES-BENZ USA, LLC, and Does 1 to 10, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV 12   0936 MRP (NWx) <br><br><br> SUMMONS |

TO:   DEFENDANT(S): MERCEDES-BENZ USA, LLC, and Does 1 to 10

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Stephen M. Harris, whose address is Knapp, Petersen & Clarke, 550 North Brand Boulevard, Suite 1500, Glendale, CA 91203. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: February   2  , 2012

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.FormsWorkFlow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 936 MRP (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ANI AVEDISIAN aka ANI ACEVEDO, individually, and on behalf of a class of similarly situated individuals | MERCEDES-BENZ USA, LLC, and Does 1 to 10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stephen M. Harris (SBN 110626) Knapp, Petersen & Clarke 550 North Brand Boulevard, Suite 1500 Glendale, CA 91203 Tel: 818-547-5000 / Fax: 818-547-5329 / smh@kpclegal.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☒ MONEY DEMANDED IN COMPLAINT: $ Exceeds $5,000,000

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(a).  Case involves citizens of different states.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number:   **CV12   0936**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date February / , 2012

Stephen M. Harris

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com