O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
|---|---|---|---|
| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 1 of 12 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE [DOC. # 17]**

**I.
PROCEDURAL BACKGROUND**

On April 13, 2012, Plaintiff Ani Avedisian filed the operative first amended class action complaint ("FAC") concerning alleged defects in vehicles manufactured, distributed, and sold by Defendant Mercedes-Benz USA, LLC. [Doc. # 13.] Plaintiff raises causes of action for: (1) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (2) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) breach of express warranty; (4) breach of implied warranty of merchantability under the Song-Beverly Act, Cal. Civ. Code § 1790 *et seq.*; and (5) fraud.

On May 11, 2012, Defendant filed a motion to dismiss and/or a motion to strike the class action allegations. Defendant's motion to dismiss is based in part on a factual challenge to Plaintiff's standing. (Mot. at 2.) On November 19, 2012, the Court found that Plaintiff has standing to pursue claims relating to the alleged defects in her vehicle ("11/19/12 Order"). [Doc. # 23.] The Court also notified the parties of its intent to convert Defendant's motion to dismiss to a motion for partial summary judgment as to Plaintiff's claim for breach of express warranty. (*Id.* at 2.) The Court granted Plaintiff leave to file a sur-reply as to the issue of whether the alleged defect was covered by the certified pre-owned limited warranty ("CPO warranty"). (*Id.*) Plaintiff declined to do so.

//
//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 2 of 12 |

## II.
## FACTUAL ALLEGATIONS[1]

Defendant is the manufacturer, distributor, and seller of Mercedes-Benz vehicles. (FAC ¶ 3.) In May 2009, Plaintiff purchased a certified, pre-owned Mercedes-Benz 2006 CLS500 from Keyes Mercedes in Van Nuys, California. (*Id.* ¶ 9, Ex. 5 at 1.) Plaintiff's purchase agreement with Defendant included the CPO warranty, an extension of the vehicle's basic warranty for either one year after the date of purchase or until the vehicle accrued 100,000 miles. (Request for Judicial Notice in Support of Defendants' Reply Brief, ("Reply RJN") Ex. A [Doc. # 21-1].)[2] (*Id.*) Plaintiff also agreed to a two-year, extended limited warranty ("Extended Warranty") as a part of the purchase, which began coverage one year after the purchase and ran for two years. (Request for Judicial Notice in Support of Defendants' Motion, ("RJN") Ex. B [Doc. # 18-2].)

At various times while using the vehicle, Plaintiff, her husband, and several of her passengers sustained cuts on their arms. (FAC ¶ 8.) These injuries occurred when Plaintiff and her passengers came into contact with the vehicle's chrome plated interior trim pieces, including the shifter, cup holder, and glove compartment. (*Id.*) Plaintiff asserts that this "Chrome Defect" is a result of defective chrome coating which flakes, cracks, and peels, thereby creating sharp edges on the affected pieces. (*Id.* ¶ 4.)

Plaintiff requested that Defendant repair the Chrome Defect. (FAC ¶ 10.) Defendant declined Plaintiff's request on the basis that the warranty did not cover this defect. (*Id.*) Plaintiff requested the repair within the coverage term of the CPO warranty. (*Id.*) In March 2011, after the CPO warranty had expired, Plaintiff again requested that Defendant repair the Chrome Defect. (*Id.* ¶ 11.) Defendant estimated that the cost to replace the cup holder and shifter would be $160.00 and $368.00, respectively, with labor charges of $337.80. (*Id.*) Plaintiff opted to obtain the parts from a third party, spending $109.64 replacing the body hardware, console, front console, and cup holder portion of the chrome plated interior trim. (*Id.* ¶ 9.)

---

[1] For the purpose of a motion to dismiss, the Court accepts all factual allegations as true. With respect to the motion for partial summary judgment, there are no material facts in dispute with regard to the express warranty.

[2] Defendant requests that the Court take judicial notice of the warranties. (Def.'s Reply RJN, Ex. A.) Plaintiff has not objected nor disputed the accuracy of the documents. "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). As the Plaintiff refers extensively to the warranties in the FAC and they form the basis of her claim for breach of express warranty, the Court takes judicial notice of the warranties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
|---|---|---|---|
| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 3 of 12 |

Defendant's 2006-2011 model year vehicles are susceptible to the Chrome Defect because the same vendor designed, manufactured, and assembled these models. (FAC ¶¶ 3, 13.) Plaintiff asserts, on information and belief, that Defendant was aware of the Chrome Defect since at least 2003. (*Id.* ¶ 14.) Defendant would have learned of the Chrome Defect from pre-release testing data, early consumer and dealer complaints, testing conducted in response to the complaints, aggregate data from dealers, and other internal sources. (*Id.* ¶ 15.) Further, Defendant was on notice of the Chrome Defect based on the availability of third-party products designed to remedy the defect. (*Id.*) Defendant neither remedied the defect nor advised consumers about the defect prior to the purchase or lease of affected vehicles. (*Id.* ¶ 14.)

### III.
### MOTION FOR PARTIAL SUMMARY JUDGMENT

**A.** **Legal Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Partial summary judgment may be sought on any claim or defense, or part thereof, and the court may grant less than all of the relief requested by the motion. *See* Fed. R. Civ. P. 56(a), (g).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (quoting Fed. R. Civ. P. 56(c), (e) (1986)); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (*en banc*) ("Rule 56 requires the parties to set out facts they will be able to prove at trial."). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 4 of 12 |

**B.     Discussion**

Plaintiff's third cause of action is for breach of express warranty. To prevail on a claim for breach of express warranty under Cal. Com. Code § 2313, a plaintiff must show that "(1) the seller's statements constitute an 'affirmation of fact or promise' or a 'description of the goods'; (2) the statement was 'part of the basis of the bargain'; and (3) the warranty was breached." *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227, 103 Cal. Rptr. 3d 614 (2010) (quoting *Keith v. Buchanan*, 173 Cal. App. 3d 13, 20, 220 Cal. Rptr. 392 (1985)).

Plaintiff argues that Defendant breached the CPO warranty by failing to repair the various defective parts.[3] Neither party questions whether the CPO warranty was, in fact, a warranty, so the only element at issue is whether Defendant breached. Defendant contends that the CPO warranty does not cover the parts that Plaintiff paid to replace, and thus Defendant did not breach it.

Examining the warranty language, the Court finds that Defendant is correct. Under the heading "Items Covered Under this Warranty," the statement "If a Part is Not Listed, It is Not Covered" is printed in bold type before the parts are listed.[4] (CPO Warranty at 9.) The list of items covered by the warranty does not include a shifter, cup holder, glove compartment, body hardware, or console, so none of the items Plaintiffs sought to fix were covered by the CPO warranty. (*Id.* at 9-11.) When a warranty does not extend to the alleged defect, there can be no claim for breach of express warranty for failing to repair that defect.

There is therefore no triable issue of material fact. Plaintiff does not allege the specific warranty provision that covers the Chrome Defect. Instead, Plaintiff simply asserts that the "warranty extends to cover defects in materials or workmanship, with MERCEDES agreeing to repair or replace such defects." (FAC ¶ 10.) Because Plaintiffs' bald assertion cannot countermand the plain language of the warranty, the Court finds that Defendant is entitled to summary judgment on Plaintiff's claim for breach of express warranty.

---

[3] In Plaintiff's opposition, Plaintiff makes clear that she relies entirely on the CPO warranty, and not the basic warranty or extended limited warranty. (Opp'n at 10; *see also* FAC ¶¶ 10-11 (referring to the timing relative to the CPO warranty).)

[4] The Extended Warranty contains similar language and also does not list the parts Plaintiff alleges are covered. (Extended Warranty at 2-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 5 of 12 |

## IV.
## MOTION TO DISMISS

**A.**     **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although a complaint need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). The plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Under Rule 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court can consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. Legal conclusions, in contrast, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 555). Additionally, the court is not required to accept as true allegations that contradict documents that are attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Additionally, the Federal Rules impose a heightened pleading standard on a party alleging fraud. *See* Fed. R. Civ. P. 9(b) (requiring party to "state with particularity the circumstances constituting fraud or mistake"). Rule 9(b) requires that averments of fraud be specific enough to give defendants notice of the particular misconduct in order to allow defendants to defend against the charge and not just deny that they have done anything wrong. *See Vess v. CIBA-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
|---|---|---|---|

| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 6 of 12 |
|---|---|---|---|

Because Plaintiff's CLRA and UCL claims sound in fraud, they are subject to Rule 9(b)'s heightened pleading standard. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

**B.      Discussion**

   **1.      Breach of Implied Warranty of Merchantability**

Defendant contends that Plaintiff fails to state a claim for breach of implied warranty, alleging that the implied warranty of merchantability is limited to the duration and terms of the express warranty. Under the Song-Beverly Act, the duration of the implied warranty of merchantability is "coextensive in duration with an express warranty . . . but in no event shall such implied warranty have a duration of . . . more than one year . . . ." Cal. Civ. Code § 1791.1(c). Here, the CPO warranty was in effect for one year after the date of purchase and, therefore, the period of the implied warranty also was one year. Although Plaintiff alleges that she repaired the Chrome Defect after the expiration of the warranty, Plaintiff also alleges that she requested Defendant repair the defect "[w]ithin the term of the [CPO] warranty coverage." (FAC ¶ 10.) Thus, Plaintiff has adequately alleged that Defendant's denial of service occurred within the term of the implied warranty coverage.

Defendant's argument that the breach of implied warranty is limited to the terms of the express warranty is incorrect. Whether a defendant has breached the implied warranty requires an analysis independent from whether there has been a breach of the express warranty. *See Isip v.Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19, 26, 65 Cal. Rptr. 3d 695, 700 (2007) ("Unlike an express warranty, the implied warranty of merchantability arises by operation of law and provides for a minimum level of quality." (internal quotation marks omitted)). An implied warranty of merchantability provides that consumer goods are "fit for the ordinary purpose for which such goods are used." Cal. Civ. Code § 1791.1(a)(2). It is possible that a product may not be fit for its ordinary purpose even when a manufacturer complies with the terms of an express warranty.

Under the Song-Beverly Act, an implied warranty of merchantability guarantees that consumer goods: "(1) Pass without objection in the trade under the contract description; (2) Are fit for the ordinary purposes for which such goods are used; (3) Are adequately contained, packaged, and labeled; (4) Conform to the promises or affirmations of fact made on the container or label." Cal. Civ. Code § 1791.1(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
|---|---|---|---|

| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 7 of 12 |
|---|---|---|---|

Defendant argues that a vehicle's ordinary purpose is transportation, and the warranty is breached only when the vehicle is unfit for transportation. The *Isip* court rejected this reasoning: "MBUSA's attempt to define a vehicle as unfit only if it does not provide transportation is an unjustified dilution of the implied warranty of merchantability." 155 Cal. App. 4th at 27. Instead, a vehicle is fit for its ordinary purpose if it is "in safe condition and substantially free of defects." *Id.* Here, Plaintiff asserts that there is a danger of "lacerated fingers" and that she has "sustained cuts" because of the Chrome Defect. (FAC ¶¶ 4, 8.) Based on these allegations, Plaintiff has adequately pleaded that her Class Vehicle is not in safe condition.

Finally, Defendant asserts that Plaintiff fails to allege that she is in vertical privity with Defendant, because she did not purchase the car directly from Defendant or one of Defendant's distributors. While California traditionally requires a plaintiff asserting breach of warranty to stand in vertical privity with the defendant, U.S. Roofing, Inc. v. Credit Alliance Corp., 228 Cal. App. 3d 1431, 1441, 279 Cal. Rptr. 533, 538 (1991), the plain language of the Song-Beverly Act does not impose a similar requirement. Cal. Civ. Code § 1792 ("[E]very sale of consumer goods that are sold at retail in this state shall be accompanied by the *manufactuer's* and the retail seller's implied warranty that the goods are merchantable." (emphasis added)); *Ehrlich v. BMW of North America, LLC*, 801 F. Supp. 2d 908, 921 (C.D. Cal. 2010). Accordingly, Plaintiff need not allege vertical privity in order to state a claim for breach of implied warranty under the Song-Beverly Act. Plaintiff has adequately pleaded a claim for breach of implied warranty.

    **2.**    **CLRA Claim**

        **i.**    **The Chrome Defect as a Safety Defect**

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). "Conduct that is 'likely to mislead a reasonable consumer' violates the CLRA." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680, 38 Cal. Rptr. 3d 36 (2006)).

In order to state a claim under the CLRA based on a fraudulent omission, the "omission must be contrary to a representation made by the defendant, or an omission of fact the defendant was obliged to disclose." *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835, 51 Cal. Rptr. 3d 118 (2006). "Under California law, there are four circumstances in which an obligation to disclose may arise: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
|---|---|---|---|

| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 8 of 12 |
|---|---|---|---|

plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Smith v. Ford Motor Co.,* 749 F. Supp. 2d 980, 987 (N.D.Cal.2010) (citing *LiMandri v. Judkins,* 52 Cal.App.4th 326, 337, 60 Cal.Rptr.2d 539 (1997)). Because no fiduciary relationship is alleged, only the remaining three circumstances are relevant, and all require a determination of materiality.

Outside of representations made in the warranty, a defect is material only if it poses safety concerns. *Daugherty*, 144 Cal. App. 4th at 836; *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1270, 39 Cal. Rptr. 3d 634, 643 (2006). Relying on *Smith*, Defendant contends that Plaintiff must assert facts that establish that the alleged safety defect presented an "unreasonable risk of accidents." The court in *Smith*, however, did not base its holding on whether or not the safety defect presented an unreasonable risk of accidents. The plaintiffs in *Smith* argued that the alleged defect left them at risk of "being unexpectedly stranded." The court found that extrapolating this problem to be a safety hazard was speculative as it would depend on individualized circumstances outside of the vehicles, such as where the vehicle was parked. *Id.* at 991. The alleged injury here is not similarly speculative and is not contingent on external factors.

Defendant's reliance on the *Smith* court's discussion of the National Highway Traffic Safety Act ("Safety Act"), 49 U.S.C. § 30101 *et seq.*, to argue for the "unreasonable risk of accidents" standard, is also misplaced. The *Smith* court expressly declined to require the plaintiff to plead a violation of a government safety standard, and based its decision entirely on the speculative nature of the injury risk. *Id.*at 989 ("Ford cites to no case authority, and the Court is aware of none, in which a court, applying California law in deciding whether to impose a duty to disclose a safety-related defect, has required a plaintiff to offer evidence of a violation of a standard legally required by and enforced by the government.").

Relying on *Wilson*, Defendant next argues that the defect must present an "unreasonable safety risk," rather than merely a "safety concern." The *Wilson* court held that the trial court did not err in requiring the plaintiff to plead an "unreasonable safety hazard." *Wilson*, 668 F.3d at 1143. There are two ways, however, in which a risk may be assessed for reasonableness: causation and degree of injury. The *Wilson* court, like the *Smith* court, focused on the lack of a causal connection between the defect and injury. Here, the causation is clear. According to the complaint, the Chrome Defect is cutting people. Therefore, *Smith* and *Wilson*'s discussions of reasonableness are inapposite.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
|---|---|---|---|
| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 9 of 12 |

California law does not speak to the severity of injury necessary to characterize something as a safety defect, only that there be a "safety concern." *Daugherty*, 144 Cal. App. 4th at 836; *Bardin* 136 Cal. App. 4th at 1270. Plaintiff alleges that the Chrome Defect can and has resulted in lacerations. (FAC ¶ 4, Ex. 6.) Merriam-Webster defines "laceration" as "a torn and ragged wound." *See* Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/laceration (last visited May 22, 2013). That is a far cry from a "superficial cut," as the injury was described by Defendant. (Mot. at 16.) It appears that the parties disagree as to the severity of the injury, but that is a factual dispute which is not appropriately resolved on a motion to dismiss. It is conceivable that, following discovery, the nature or degree of the injury typically caused by the Chrome Defect is so *de minimis* as to not raise any safety concern, but that is an issue for another day. At present, Plaintiff has plausibly pleaded that the Chrome Defect is a safety defect that Defendant was obligated to disclose.

### ii.    Defendant's Knowledge of the Chrome Defect

Unlike common law fraud, the CLRA requires that a plaintiff show only a defendant's knowledge of the defect, rather than intent to defraud. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction *intended to result or which results in the sale or lease of goods or services to any consumer*." *Wilson*, 668 F.3d at 1145 (quoting Cal. Civ.Code § 1770(a)) (emphasis added). To state a claim under the CLRA, "plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale . . . ." *Id.* Defendant contends that Plaintiff fails to allege facts to support her assertion that Defendant knew of the Chrome Defect.

Plaintiff alleges that Defendant learned about the defect from pre-release testing data, consumer complaints, dealer complaints, further testing, warranty data, goodwill date, repair date, and parts purchase information. (FAC ¶ 15.) The earliest of the consumer complaints pre-dates the May 2009 sale of Plaintiff's Class Vehicle. (*Id.* Ex. 4.) Based on these allegations, the Court finds that there is a plausible inference that Defendant knew of the Chrome Defect at the time of the sale. *See Marsikian v. Mercedes-Benz USA, LLC*, CV 08-04876, 2009 WL 8379784 at *8 (C.D. Cal. May 4, 2009) (allegations that defendant learned about defect from internal testing, customer complaints, dealership repair orders sufficiently showed defendant's knowledge of the defect).

### iii.    Plaintiff's Purchase as a Transaction

Defendant further contends that Plaintiff fails to state a CLRA claim because the FAC does not allege that the purported unlawful conduct occurred in a "transaction." The CLRA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00936 DMG (CWx)** | Date | May 22, 2013 |
|---|---|---|---|

| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 10 of 12 |
|---|---|---|---|

defines "transaction" as "an agreement between a consumer and another person, whether or not the agreement is a contact enforceable by action, and includes the making of, and the performance pursuant to, that agreement." Cal. Civ. Code § 1761(e). Here, Plaintiff alleges that there was an agreement with Defendant when Plaintiff purchased her Class Vehicle. (FAC ¶ 9.) Additionally, Plaintiff alleges that Defendant was aware of this Chrome Defect prior to the sale of Class Vehicles but unlawfully failed to advise consumers about the defect. (*Id.*) Accordingly, Plaintiff has sufficiently pleaded that Defendant's conduct occurred in a transaction.

The Court therefore finds that Plaintiff has adequately pleaded a claim under the CLRA.

### 3. Unfair Competition Law

As with the CLRA, liability under the UCL may be based on knowledge of a material defect rather than intent to deceive. *Tucker v. Pacific Bell Mobile Servs.*, 208 Cal. App. 4th 201, 225, 145 Cal. Rptr. 3d 340 (2012) ("relief under the UCL is available without individualized proof of deception, reliance, and injury"). As set forth above, the Court finds that the FAC contains sufficient factual allegations to plausibly create an inference of both the existence of a safety defect and Defendant's knowledge of the defect. Accordingly, the Court finds that Plaintiff has adequately pleaded a claim under the UCL.

### 4. Fraud

The elements of fraud in California are: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.,* 34 Cal. 4th 979, 990, 22 Cal. Rptr. 3d 352 (2004). The first element is satisfied because Plaintiff has pleaded a concealed safety defect, which is material. The second element of scienter is also satisfied, as discussed above.

As to the third element, a plaintiff can show intent to defraud by pleading facts that demonstrate the defendant knew about the alleged defect but failed to repair it or notify the consumer. *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007). Here, Plaintiff alleges that Defendant knew about the defect before selling Plaintiff the vehicle, and never attempted to alert customers to the defect. This is enough to infer intent to defraud. Plaintiff has also pleaded facts supporting the fourth and fifth elements. Plaintiff has alleged reliance, stating that she would not have purchased the vehicle had she known about the defect (FAC ¶ 78) and damages in the form of incurred cost to repair the defect (*Id.* ¶ 9). Therefore, Plaintiff has adequately pleaded a claim for fraudulent concealment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-00936 DMG (CWx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 11 of 12 |

## V.
## MOTION TO STRIKE

**A.  Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000) (citing *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)). When considering a motion to strike, a court views the pleading in the light most favorable to the nonmoving party. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012).

**B.  Discussion**

Plaintiff proposes a class definition that includes "[a]ll people in the State of California who purchased or leased a Class Vehicle." (FAC ¶ 20.) Defendant asserts that Plaintiff's class definition is fatally overbroad as it encompasses people who have no standing. Generally, "[m]otions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle . . . ." *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (noting that it is rare to strike class allegations in advance of a motion for class certification). Accordingly, the Court denies Defendant's motion to strike the class allegations as both premature and better suited for determination upon a motion for class certification.

## VI.
## CONCLUSION

In light of the foregoing:

1. Partial summary judgment as to Plaintiff's claim for breach of express warranty is **GRANTED**;

2. Defendant's motion to dismiss as to Plaintiff's remaining claims is **DENIED**;

| CV-90 | CIVIL MINUTES—GENERAL | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-00936 DMG (CWx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | *Avedisian v. Mercedes-Benz USA, LLC* | Page | 12 of 12 |

    3.    Defendant's motion to strike class allegations is **DENIED**; and

    4.    Defendant shall file an Answer within **15 days** of the date of this Order.

**IT IS SO ORDERED.**