Troy M. Yoshino, No. 197850
Matthew J. Kemner, No. 188126
Eric J. Knapp, No. 214352
**CARROLL, BURDICK & McDONOUGH** LLP
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:    415.989.5900
Facsimile:    415.989.0932
Email:       tyoshino@cbmlaw.com
            mkemner@cbmlaw.com
            eknapp@cbmlaw.com

Attorneys for Defendant
Mercedes-Benz USA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI AVEDISIAN aka ANI ACEVEDO, individually, and on behalf of a class of similarly situated individuals,<br><br>                    Plaintiff,<br><br>          v.<br><br>MERCEDES-BENZ USA, LLC, and Does 1 to 10<br><br>                    Defendant. | No. CV 12 0936–DMG–CW<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL**<br><br><br>***NOTE CHANGES MADE BY THE COURT*** |

CBM-PRODUCTS\SF601997

1   STIPULATION FOR ENTRY OF PROTECTIVE ORDER:

2          IT IS HEREBY STIPULATED AND AGREED, by and between

3   Plaintiff Ani Avedisian and Defendant Mercedes-Benz USA, LLC ("Defendant")

4   (collectively referred to hereinafter as the "Parties"), that pursuant to Rule 26(c) of

5   the Federal Rules of Civil Procedure and the Local Rules of this Court, all

6   documents and any other proprietary, trade secret and/or confidential information,

7   designated as "Confidential" or such other similar designation, shall be subject to

8   the terms of this Stipulated Protective Order ("Order") as set forth below.

9          1.     Any party or third party producing documents in this action

10  ("Producing Party") may designate as "Confidential" any document, material, item,

11  testimony, or information that they believe in good faith contains or consists of

12  nonpublic information that would reasonably be subject to protection as a trade

13  secret or as material concerning or containing confidential or proprietary

14  information protected by Rule 26(c) of the Federal Rules of Civil Procedure.  Any

15  such materials shall be marked "Confidential" by the person producing it.  All

16  parties must act in good faith when designating documents as confidential.

17         2.     All Confidential material shall be accorded confidential status

18  pursuant to the terms of this Order unless the parties formally agree in writing to

19  the contrary or a determination is made by the Court as to confidential status and

20  that determination has become final by expiration of the time period for which

21  appellate review or intervention must be sought.

22         3.     No material designated as "Confidential" hereunder or any copy,

23  image, excerpt or summary thereof shall be delivered or disclosed to any person

24  except as hereafter provided.  Nor shall the contents of any such material be

25  revealed except to persons authorized hereunder and except as so provided.

26         4.     Discovery material designated "Confidential" shall be used or

27  disseminated only for the purpose of prosecuting or defending this action, including

28  appeals, and not for any other litigation or any other purpose whatsoever.

CBM-PRODUCTS\SF601997

5.     The term "discovery material" shall mean all information, tangible items, and documents produced by a producing party (including, where applicable, its present and former officers, directors, employees, and agents) in this litigation and the contents thereof, all interrogatory responses and responses to requests for admissions and the contents thereof, deposition testimony and transcripts or videos thereof.  This Order shall govern the handling of all discovery material as defined herein.

6.     Any discovery material considered by the producing party to be confidential shall be marked or otherwise designated "Confidential" in a readily visible or noticeable manner.  In the case of documents, interrogatory responses, and responses to requests for admissions, this shall be done by affixing a stamp or designation on each page designated as confidential prior to production or service of the discovery material, except that when only certain documents are selected for copying pursuant to a discovery request and by agreement of the parties, the disclosing party shall be required to stamp or designate only the documents selected by the other party for copying.  Confidential information contained in other documents not selected for copying may not be disclosed.  In the case of deposition testimony, the procedures outlined in paragraphs 13 and 14 of this Order shall be followed.

7.     Any document that contains Confidential Information, or encloses Confidential Information, or that refers to or quotes Confidential Information, or that is otherwise designated by a party as "Confidential Information," if filed with the Court, shall be submitted for filing in accordance with the provisions of Central District Local Rule 79-5 and the published procedures of the assigned judge.  Any document that contains Confidential Information, or encloses Confidential Information, or that refers to or quotes Confidential Information, if filed with the Court, shall be submitted for filing under seal in an envelope on which shall be

1  endorsed the title of this action, the nature of the contents of the envelope, the word
2  "Confidential," and the following (or similar) statement:

3

4      "Submitted for Filing under Seal Pursuant to Protective Order dated __."

5

6      8.     Discovery materials designated as "Confidential" shall not be
7  disclosed to any person other than:

8          a.     The Court and Court personnel, provided that any such
9  discovery material filed with the Clerk of the Court shall be submitted for filing
10 under seal, pursuant to paragraph 7 above, and for release only by order of the
11 Court or by agreement of the parties;

12         b.     Counsel (including other attorneys and staff in their
13 offices) of record for the parties herein, as well as court reporters, stenographers,
14 videographers and outside litigation support;

15         c.     Consultants and experts (and their regular or temporary
16 employees) specifically engaged by counsel to assist in the conduct of this
17 litigation;

18         d.     The named plaintiff, the named defendant; the present
19 officers, directors and employees of defendant who are involved in the discovery
20 proceedings or preparation of this action for trial;

21         e.     The former officers, directors and employees of defendant
22 who are involved in the discovery proceedings or preparation of this action for trial;

23         f.     Any deponent during the course of the deposition, after
24 being shown a copy of this Order and advised that he or she is bound by this Order;

25         g.     Such other persons as may be hereafter authorized in
26 writing by the party that designated the information as "Confidential"; and

27         h.     Such persons as may be hereafter authorized by further
28 order of the Court.

CBM-PRODUCTS\SF601997                    -3-

9.     This Order shall not limit the right of the respective parties to disclose their own confidential discovery material to any persons or entities of their own choosing.  Such disclosure, unless it constitutes public disclosure, shall not waive the protection of this Order.

10.     Any person may designate as "Confidential" any documents that have previously been produced or disclosed without such designation by the producing party, within fifteen (15) days of production of such documents, by producing to all parties copies of the documents with the foregoing legend.

11.     Prior to any disclosure by counsel to any person listed in paragraph 8(c) or 8(e) of this Order, a copy of this Order shall be presented to that person, who shall review it and who shall signify that he or she has received and reviewed the contents of this Order and consents to be bound by its terms.  If disclosure is made to a person who is a competitor of defendant, that person shall not use any of such information in that person's business.  The improper use of confidential material may be punishable by contempt of Court in addition to any other remedies available to a party.  In addition, prior to any disclosure by counsel to any persons listed in paragraph 8(c) or 8(e), each person shall have executed a certification in the form attached hereto as Exhibit A, a true copy of which shall be maintained by counsel disclosing the designated material.  No person under paragraph 8(e) or 8(f) shall be permitted to retain designated discovery materials nor be allowed to make notes of their contents unless the Court, upon motion by the party seeking retention or note taking, allows for such retention or note taking or unless the producing party authorizes such retention or note taking, except that experts and consultants employed to assist in this litigation may retain designation discovery materials during the litigation and may make notes, which shall be governed by this Order and which shall be destroyed at the conclusion of this litigation.  In the event that a person listed in paragraph 8(c) or 8(e) refuses to sign the certification in the form attached as Exhibit A, counsel seeking to disclose the confidential material may not

1   do so unless they move the Court for permission to make such disclosure without

2   obtaining a signed certification and receive an Order to that effect or unless the

3   producing party or person shall be in accordance with all other provisions of this

4   Order, and the person to whom the designated material is disclosed shall be

5   admonished that any violation of this Order shall be subject to punishment as

6   contempt of Court.  There shall be no need for any member of named Plaintiff's or

7   Defendant's counsels' legal or support staff to sign Exhibit A; execution of this

8   Stipulated Protective Order by Plaintiff's or Defendant counsel shall bind all such

9   persons.

10          12.   If a party challenges a "Confidential" designation as to any

11   discovery material, it shall first notify in writing the attorneys of record for the

12   designating party and explain in writing the basis for the contention that the

13   "Confidential" designation is inappropriate.  The designating party shall respond by

14   explaining in writing the basis for the designation.  Following an objection to a

15   designation of material as confidential, counsel shall promptly confer in an attempt

16   to resolve this objection.  If the dispute is not resolved within 21 days of the date

17   the challenging party notifies the designating party of the objection, the challenging

18   party may file a motion with the Court for an order permitting disclosure.  Such

19   filings shall be governed by the terms of this Order, and any material that a party

20   has designated as "Confidential" shall be treated as confidential until the Court

21   rules on the motion challenging that designation.  Nothing herein is intended to

22   shift the burden of persuasion as it otherwise exists with treating designated

23   material as confidential.

24          13.   In the event that deposition testimony contains the type of

25   information described in Paragraph 1 above, the parties may designate such portions

26   of deposition testimony "Confidential" by advising the court reporter and/or

27   videographer on the record at the time such testimony is given or within fifteen (15)

28   days after receipt of the transcript of the deposition by notifying opposing counsel in

1  writing of the page and line numbers of the testimony deemed "Confidential."  Any

2  testimony reading from or directly referencing confidential documents is

3  automatically deemed to be confidential, including any confidential documents used

4  as deposition exhibits.  Every deposition shall be treated as "Confidential" for a

5  period of fifteen (15) days after receipt of the transcript by all counsel.

6      14.  Whenever "Confidential" information is to be discussed or

7  disclosed in a deposition, either party may exclude from the room during such

8  testimony any person who is not authorized to receive such information under this

9  Order.  Every deposition shall be treated as "Confidential" if it is designated as such

10  during the deposition.

11      15.  The inadvertent or unintentional disclosure by a party supplying

12  confidential information, regardless of whether such information was designated as

13  "Confidential," shall not be deemed a waiver in whole or in part of a party's claim

14  of confidentiality with respect to the specified information disclosed, any other

15  information relating thereto, or any other information on the same or related subject

16  matter, provided that the party making such inadvertent or unintentional disclosure

17  gives prompt notification in writing to the parties to this litigation when it learns of

18  such inadvertent or unintentional disclosure.  If information subsequently

19  designated as confidential has, prior to that designation, been disclosed, the

20  disclosing party shall make every reasonable effort to preserve the confidential

21  nature of such material and to obtain compliance with paragraph 11 hereof from

22  any person to whom such information was disclosed.

23      16.  Nothing in this Order shall prohibit disclosure of a document

24  designated "Confidential" to a person identified in such document as its author,

25  addressee, or person who is designated on the original document to receive a copy.

26  In addition, nothing in this Order shall prohibit disclosure of a document designated

27  "Confidential" to a person identified in discovery material as having previously

28  received that designated document.  If discovery material designated "Confidential"

1    makes specific reference to the conduct or statement of a specific person, counsel

2    may discuss such conduct or statement with such person, provided that no portion

3    of the discovery material other than that which specifically refers to such person's

4    conduct or statement is revealed.

5            17.    The provisions of this Order may be modified upon written

6    agreement of the parties or upon application to this Court for good cause shown.

7            18.    The entry of this Order is not intended and should not be construed

8    in any way to waive any of the privileges and rights of either of the parties

9    regarding any of the documents covered by the Order.

10           19.    If either party identifies any document previously designated as

11   "Confidential" as a trial exhibit in their pre-trial submissions, the confidentiality of

12   such document for purposes of trial shall be resolved by agreement of the parties or,

13   if the parties cannot agree, by pre-trial motion.  If the parties have not reached

14   agreement as to the confidentiality of a listed trial exhibit, the party that designated

15   the document as "Confidential" may file a motion for protective order with regard

16   to the confidentiality of the document at trial within ten (10) days after service of

17   the other party's list of trial exhibits in their pre-trial submissions.  To the extent

18   any document designated as "Confidential" pursuant to the terms of this Order is

19   proposed for use at trial, but was not listed as a trial exhibit prior to trial, the parties

20   shall attempt to resolve any issues regarding such confidentiality by agreement or,

21   if no agreement can be reached, by asking the Court to address the issue prior to the

22   introduction of the document as evidence.

23           20.    This Agreement shall survive the termination of this action and shall

24   remain in full force and effect unless modified by an order of the Court or by the

25   written stipulation of the Parties filed with the Court.

26           21.    Within forty-five (45) days after entry of a final non-appealable

27   order, judgment, or settlement with respect to the claims in this action, each party or

28   other individual subject to the terms hereof shall, absent a court order or agreement

CBM-PRODUCTS\SF601997                          -7-

to the contrary, at its option either return documents or other material subject to this Agreement to the producing party or non-party or, alternatively certify in writing that such materials have been destroyed by the receiving party.  The certification shall confirm that counsel have destroyed all documents within their possession, Notwithstanding the foregoing, counsel (including in-house counsel) for the Parties shall be entitled to retain for their files a set of all pleadings (including exhibits), motion papers, court filings, discovery requests, expert reports, deposition, hearing and trial transcripts (including exhibits) and attorney work-product (including legal research) which incorporate, contain, or refer to any documents or other material that contain or refer to confidential information, provided that such materials remain subject to the terms and conditions of this Agreement.

22.   Neither the termination of this action or any related proceedings nor the termination of employment of any person who has had access to any confidential information shall relieve such person of his or her obligations under this Agreement.

23.   All obligations and duties arising under this Protective Order shall survive the termination of this action and, in addition, shall be binding upon the Parties to this action, their successors and assigns (whether in whole or in part), affiliates, subsidiaries, their officers, agents, representatives and employees.

24.   This Court shall retain jurisdiction indefinitely with respect to enforcement of this order.

25.   This Order is entered into without prejudice to (1) any party's claim as to the propriety or impropriety of this action or any of the claims asserted therein; (2) any party's right to assert objections to any discovery request propounded in this action; (3) any party's right to assert objections to the admissibility of any Confidential Material in this action; and/or (4) any party's right to seek additional protections with respect to any information.

26.   By executing a copy of this Protective Order, each of the firms

named below and the parties they represent undertake to abide by and be bound by its provisions, and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

SO STIPULATED.

Dated:  September 26, 2013          KNAPP, PETERSEN & CLARKE


                                    By    /s/ Stephen M. Harris
                                              Stephen M. Harris
                                    **Attorneys for Plaintiff**
                                    **Ani Avedisian**

Dated:  September 26, 2013          CARROLL, BURDICK & McDONOUGH LLP


                                    By    /s/ Eric J. Knapp
                                              Eric J. Knapp
                                    **Attorneys for Defendant**
                                    **Mercedes-Benz USA, LLC**

            IT IS SO ORDERED.

Dated:  September 30, 2013

                                    _____
                                    MAGISTRATE JUDGE CARLA WOEHRLE

**EXHIBIT A**

DECLARATION REGARDING

COMPLIANCE WITH PROTECTIVE ORDER

I, _____, declare that:

I have read and understand the contents of the Stipulated Protective

Order entered on the _____ day of _____, 2013, in the matter of *Ani*

*Avedisian v. Mercedes-Benz, USA, LLC*, No. CV-12-0936-DMG-CW, pending in

the U.S. District Court Central District of California, and that I agree to abide and

be bound by the Stipulated Protective Order.

Dated:

_____
Signature

_____
Printed Name

_____

_____

_____
Address and Telephone Number

CBM-PRODUCTS\SF601997

**STIPULATED PROTECTIVE ORDER**                                    **CASE NO.  CV-12 0936–DMG–CW**