Stephen M. Harris, Bar No. 110626
smh@kpclegal.com
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Attorneys for Plaintiff
ANI AVEDISIAN aka ANI ACEVEDO,
individually, and on behalf of a class of similarly
situated individuals

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI AVEDISIAN aka ANI ACEVEDO, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, and Does 1 to 10,<br><br>Defendants. | NO.  CV12-00936 DMG (CWx)<br>[CLASS ACTION]<br><br>Assigned for All Purposes to the Honorable Dolly M. Gee - Ctrm. 7<br><br>Date:            December 6, 2013<br>Time:                       9:30 a.m.<br>Ctrm:                              7<br><br>Date Action Filed:   February 2, 2012<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RULE 11 SANCTIONS** |

KNAPP,
PETERSEN
& CLARKE

-1-

1893897.1  08000/00941

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff in this action asserts that interior chrome trim pieces in the class vehicles as defined in the lawsuit are defective, since they flake, crack and peel, and expose occupants of the vehicle to the danger of lacerations and cuts. The investigation Plaintiff has performed supports that these allegations are meritorious. Thus, the lawsuit is not frivolous, or pursued for an improper purpose.

Indeed, the motion is pursued for an improper purpose, since Mercedes is using it as a tactical device to try to distract Plaintiff, and does not even acknowledge the applicable Ninth Circuit Rule 11 standards. The Ninth Circuit dictates that a lawsuit is frivolous only if there is an absence of an adequate pre-filing investigation *and* the lawsuit is baseless. Here, neither standard is met.

### A. Mercedes Arguments Are Without Merit

Mercedes also substantially premises its argument on issues which are not relevant, or unsupported. For example, the existence of different manufacturers of the chrome trim pieces does not establish that they are fabricated using different processes, or that they are not all defective. Moreover, Lantz (an MBUSA witness) testifies based on what he claims is "general knowledge" that the trim pieces are made by various manufacturers or vendors and composed of differing materials. See, ¶¶ 6-7, Lantz Decl. This is hardly persuasive (or admissible) evidence since Lantz has not testified to any legitimate basis for his personal knowledge or opinions. But instead Lantz offers speculative testimony based on the inadmissible foundation of unsubstantiated "general knowledge."

Mercedes has also refused to back up its assertions in the Rule 26 report that the trim pieces are made by different manufacturers and are composed of differing substrates. See, Doc., 42, #497: 27-498: 4. Plaintiff thus has been forced to file a discovery motion seeking to compel Mercedes to furnish the factual basis for its

KNAPP, PETERSEN & CLARKE

1893897.1 08000/00941

1 | assertions in its rule 26 report. Doc. 58. If "general knowledge" is the only basis for
2 | such assertions by Mercedes, then it should withdraw them, since "general
3 | knowledge" is not a legitimate basis for such specific contentions.

### 1. Mercedes Incorrectly Argues That A Part Must Fail To Be Defective

Moreover, defendant improperly argues that a particular part must fail to be defective, which is simply not the standard applied by relevant case authority.[1] *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1234 (C.D. Cal. 2011); *In re Toyota Moor Corp. Unintended Acceleration*, 754 F. Supp. 2d 1145, 1173-74 (C.D. Cal. 2010). Plaintiff's expert also opines that the failures observed are evidence of a common defect. See, Stapleford Decl., ¶¶ 1-10.[2]

### 2. The R-Class Bulletin Is A Red-Herring

The R-Class service bulletin was produced to Mercedes in response to its counsel's assertion that no TSB had ever been issued in connection with chrome peeling. When defense counsel was corrected by reference to the R-class service bulletin, he expressed surprise that the document had *not* been produced. Therefore, Plaintiff's counsel agreed to produce the document.[3] For Mercedes to now argue that the production of the document supports its position is disingenuous and misleading.

---

[1] Mercedes also argues that Plaintiff admits that there is no hidden defect, and she disavows that any other trim piece in her vehicle is defective. However, the evidence referred to in exhibits G and H to Mercedes motion does not support these assertions. As to the hidden defect argument, a manufacturing defect that leads to later cracking, peeling or flaking is a hidden defect. Even after the chrome pieces flake, crack and peel, a consumer is not necessarily aware that this results from a common defect.

[2] Defense counsel asserts that the admission of Plaintiff's counsel that they are evaluating whether or not to drop several models from their proposed class (one and one half years after filing the lawsuit) somehow negates the complaint. But this is refuted by the factual basis for the lawsuit, discussed above. Moreover, discovery in this case did not begin until mid-July, approximately 4 months ago. Harris Declaration, ¶ 3.

[3] See, Harris Declaration, ¶ 8.

KNAPP, PETERSEN & CLARKE

-3-

The issuance of a TSB does call into question whether the chrome part in the R-class vehicle is defective, and also raises questions about whether other similarly manufactured parts are similarly defective.[4]

### 3. Mercedes Misinterprets The Comments Of Plaintiff's Counsel

Counsel for Plaintiff queried counsel for Mercedes about how he could assist Plaintiff in narrowing the class which Mercedes characterized as overbroad, both due to the dearth of information furnished by Mercedes and to obtain the benefit of Mr. Knapp's perspective about the case. The comments of Mr. Starr are improperly relied on as evidence of anything. Nor did counsel for Plaintiff ever admit that they had overreached. They merely stated that they were evaluating whether certain models should be removed from the class based on the analysis of our expert.[5]

## B. Factual Basis For Lawsuit

The assertion of a chrome defect is supported by both the pre-filing investigation and the factual information unearthed during the investigation performed subsequent to the court's ruling on Mercedes challenge to the pleadings. In addition, the investigation to date does not rule out that all the trim pieces are defective. And there is substantial support for the allegation that the chrome trim pieces identified in the lawsuit are defective. Some of the evidence supporting Plaintiff's assertions is as follows:

- Expert analysis and testimony supports that there is a common defect in the trim pieces. See, Stapleford Decl., ¶¶ 1-10;
- Counsel for Plaintiff also conducted a thorough pre-filing and post-filing investigation. See, Starr Decl., ¶¶ 1-14;

---

[4] Mercedes erroneously argues that TSB's are not evidence of a defect. Instead, cases hold that they can be evidence that a class wide-defect exists, but are not conclusive evidence. See, *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 554-55 (C.D. Cal. 2012).

[5] Starr Declaration, ¶ 14; Harris Decl., ¶ 9.

- The Abrams injury claim resulted in hospital treatment and sutures for a painful laceration. This injury was sustained due to the chrome defect on class vehicles. See, Harris Declaration, exhibits 1-2, demand letter and photograph of injury.
- Two Office of Defect Investigations involving GM and Honda Vehicles, opened in 2008 and 2010, resulted in an extension of the warranty on vehicles affected by the chrome defect (GM) and a recall issued by the manufacturer. (Hyundai). See, Doc. 13, ##125-132;
- Multiple occupants of Plaintiff's vehicle sustained lacerations due the chrome defect.[6]; See, Harris Declaration, exhibit 3, supplemental responses, numbers 1-2; see, also, Doc. 33-2, ## 430-432 (expert description of Plaintiff's vehicle);
- Documents have been produced which find that chrome peeling, cracking and flaking results from a manufacturing defect. See, Harris Declaration, exhibits 4-5.[7]
- Internet complaints attached to the complaint also support that the chrome defect is widespread. Doc. 13, ##133-163.[8]

Here, the motion for sanctions is baseless since the lawsuit was both preceded by an adequate investigation and is meritorious. Thus, the motion must be denied.

---

[6] One of the witnesses identified sustained an injury due to a different vehicle than the Plaintiff's vehicle. Plaintiff will amend her answer to remove this witness.

[7] Defense counsel seeks to distinguish these documents since they analyze different parts of the vehicle. However, one of the documents is a general analysis of what causes failure of chrome plating, while the other determines that similar flaking on another part of the vehicle results from a manufacturing defect, as here. *Id.*

[8] Mercedes argues that blog complaints do not support Plaintiff's allegations. However, the case authority Mercedes cites merely holds that awareness of a few internet complaints does not alone support causes of action for fraud. *Baba v. Hewlett-Packard Co.*, C 09-05946 RS, 2011 WL 317650 *3 (N.D. Cal. Jan. 28, 2011). This is hardly a generalized endorsement for ignoring internet complaints, especially those evidencing common manifestation of a chrome defect.

KNAPP, PETERSEN & CLARKE

1893897.1 08000/00941

C. **Procedural Background**

This is a class action based on a defect in the vehicles identified in Plaintiff's complaint, which have interior trim pieces which flake, crack and peel, thereby posing the risk of lacerations to occupants of these vehicles. Plaintiff contends that the Class Vehicles[9] mechanical failure is that the interior trim pieces flake, crack, and peel, thereby creating sharp edges on these trim pieces. These sharp edges constitute a safety hazard since consumers who touch or grab the flaking, cracking, and peeling trim pieces can and have lacerated fingers, resulting in injuries. Doc. 13, ¶ 4.

The lawsuit was filed in February of 2012.[10] Thereafter, the parties briefed MBUSA's motion to dismiss and motion to strike, with the briefing concluded in June of 2012. In November of 2012, the court advised the parties of its intent to convert the challenge to the breach of warranty claim to a motion for summary judgment. Ultimately, on May 22, 2013, the court rejected the challenge to the pleadings by Mercedes, but granted the motion for summary judgment as to the breach of warranty claim. Doc. 28.

The parties filed their joint report of counsel on July 26, 2013, in connection with the August of 2013 scheduling conference.[11] At the scheduling conference, a deadline of December 13, 2013, was set for the filing of a class certification motion. See, Doc. 49.

D. **Discovery**

- 7/19/13: Mercedes transmits an initial round of discovery, including interrogatories, a request to produce, and request for admissions;
- 8/18/13—Plaintiff serves interrogatories, and a request to produce on

---

[9] Doc. 13, ¶ 3.

[10] Plaintiff filed a first amended complaint in April of 2012.

[11] On July 30, 2013, the magistrate judge assigned to this case issued a protective order relating to preservation of Plaintiff's vehicle. Doc. 44.

KNAPP, PETERSEN & CLARKE

1893897.1 08000/00941

Mercedes;

- 8/23/13: Plaintiff serves responses to Mercedes discovery and on 10/3/13 plaintiff serves further responses to Mercedes discovery;
- 9/6/13: Plaintiff furnishes a draft person most qualified deposition notice to defense counsel;
- 9/19/13: Mercedes provides objections to draft to the draft PMK deposition notice, and, after meet and confer efforts, Mercedes provides dates for three witnesses with the depositions to take place in New Jersey on November 25, 26, and 27, 2013;
- 9/19/13: Mercedes serves its responses to Plaintiff's interrogatories and request to produce.[12]

### E. Discovery Motions Scheduled

- 11/19/13: Hearing on MBUSA discovery motion;
- 12/3/13: Hearing on Plaintiff's discovery motion relating to Mercedes refusal to identify suppliers and composition of the interior trim pieces even though it referred to numerous tier three and four suppliers of same in its Rule 26 report, and even though it also referred therein to its contention that the trim pieces are composed of varying substrates and produced based on varying manufacturing processes;
- 12/10/13: Hearing on Plaintiff's discovery motion relating to ESI discovery, discovery relating to other data bases, and discovery responses MBUSA agreed to but did not furnish.[13]

---

[12] Harris Declaration, ¶¶ 3-4..

[13] Harris Decl., ¶ 5; Doc.'s 55, 58.

KNAPP, PETERSEN & CLARKE

1893897.1 08000/00941

F.   **Deposition Schedule**

Mercedes has conducted or noticed depositions on the following dates: 11-4, 11-5, 11-7, 11-13, 11-14, 11-19, 11-20, 11-21, and 12-3-13. Plaintiff has scheduled depositions for November 25 to November 27.[14]

G.   **Outstanding Disputes Relating to Plaintiff's Discovery**

   1.   **Discovery Dispute Number 1**

Plaintiff's discovery motion on December 3rd relates to a single issue: That is, can Mercedes refuse to identify the tier three and four suppliers of the interior chrome trim pieces, and the varying substrates and manufacturing processes involved in their manufacture, which it claimed to exist in its rule 26 report?[15]

   2.   **Discovery Dispute Number 2**

The second discovery dispute is more extensive, and involves requests for information maintained by MBUSA's customer assistance center, complaints from class members, class member contact data, ESI, a dispute over which search terms are to be used, and a dispute relating to Mercedes refusal to furnish further responses consistent with its representations that it would do so.[16]

## II.

## APPLICABLE STANDARDS

Mercedes improperly disregards the standards imposed by the ninth circuit when assessing a rule 11 motion. Thus, Plaintiff explains here what the ninth circuit requires the district court to examine when addressing a Rule 11 motion. And Plaintiff established that Mercedes harassing motion utterly fails to meet those dictates.

---

[14] Harris Decl., ¶ 6.
[15] See, Doc. 58. Harris Decl., ¶ 7.
[16] Harris Decl., ¶ 7.

-8-

A.    **A Complaint Is Frivolous Only When There Is Both An Inadequate Investigation And It Is Without Merit**

…A district court may impose Rule 11 sanctions if a paper is filed with the court for an improper purpose, or if the paper is frivolous. See *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir.2003); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990). An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11(b) (1); see also *G.C. and K.B. Investments, Inc.*, 326 F.3d at 1110. A "frivolous" filing is one that is "**both baseless and made without a reasonable and competent inquiry**." *Townsend*, 929 F.2d at 1362. (emphasis supplied.)

*Brown v. Chinen*, CIV.07-00556 ACK-LEK, 2010 WL 1783571*6 (D. Haw. May 3, 2010)

Thus, for the court to determine that the lawsuit is frivolous, it must find Plaintiff both failed to conduct a reasonable inquiry and that the lawsuit is without merit. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)

The standard governing both the "improper purpose" and "frivolous" inquires, as set forth in Rule 11(b) is an objective standard of reasonableness. *Wargnier v. Nat'l City Mortgage Inc.*, 09CV2721-GPC-BGS, 2013 WL 3810592 *4 (S.D. Cal. July 22, 2013); also, see, *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Here, Plaintiff has not filed and pursued an objectively frivolous lawsuit. Nor has Plaintiff pursued the lawsuit for an improper purpose. This is because there is substantial support for Plaintiff's allegations that the interior chrome trim pieces are defective. See, *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (in cases addressing complaints, the only relevant issue is the merit of the lawsuit, not the motive for pursuing it).

///

KNAPP, PETERSEN & CLARKE

-9-

## B. The Policies Underlying Rule 11 Are Not Served By Sanctions

In order to promote the goals of the adversarial system, lawyers should be sanctioned for their "mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *Brown v. Chinen*, CIV.07-00556 ACK-LEK, 2010 WL 1783571*6 (D. Haw. May 3, 2010). Moreover, when facts are presumptively in the possession of an adversary, imprecision at the outset of litigation should be tolerated. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990).

> Rule 11 must be read not only to give effect to the Rule's central deterrent goals, but also "in light of concerns that it will spawn satellite litigation and chill vigorous advocacy [.]" Cooter & Gell, 496 U.S. at 393, 110 S.Ct. at 2454. We do little to undermine the deterrent goals of the Rule by not sanctioning complaints which have merit on their face. The potential for such sanctions, however, may do much to increase the frequency of the collateral litigation that is Rule 11's unfortunate side effect

*In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996).

Here, the lawsuit is meritorious since Plaintiff has ample evidence supporting the existence of the chrome defect in the class vehicles. Moreover, Plaintiff's effort to obtain discovery of information bearing on the lawsuit is presently being thwarted by defendant, and defendant's stonewalling tactics should be considered when assessing the validity of its contemporaneous assertion that Plaintiff does not have sufficient evidence to support her claims.

The Rule 11 motion brought by defendant is in fact an effort to chill vigorous advocacy. It is set to be heard a mere one week before the class certification filing deadline and is a tactic adopted to occupy Plaintiff's time with responding to Mercedes challenge rather than preparing the class certification motion. The court should repudiate Mercedes tactical ploy and deny the motion.

1893897.1  08000/00941

## III.
## CONCLUSION

The Rule 11 motion should be denied as without merit. Plaintiff's lawsuit is meritorious and was preceded by an adequate investigation. Thus, there is no basis for Defendant's motion.

Dated: November 15, 2013          KNAPP, PETERSEN & CLARKE

By: /s/Stephen M. Harris
Stephen M. Harris
Attorneys for Plaintiff
ANI AVEDISIAN aka ANI ACEVEDO, individually, and on behalf of a class of similarly situated individuals

1893897.1   08000/00941