Troy M. Yoshino, Bar No. 197850
   tyoshino@cbmlaw.com
Matthew J. Kemner, Bar No. 188124
   mkemner@cbmlaw.com
Eric J. Knapp, Bar No. 214352
   eknapp@cbmlaw.com
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, California 94104
Telephone:  415.989.5900
Facsimile:   415.989.0932

Attorneys for Defendant
MERCEDES-BENZ USA, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI AVEDISIAN aka ANI ACEVEDO, individually, and on behalf of a class of similarly situated individuals,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC, and Does 1 to 10,<br><br>        Defendant. | Case No. 12-cv-0936-DMG-CW<br><br>**MERCEDES-BENZ USA, LLC'S OBJECTIONS TO PLAINTIFF'S EVIDENCE CITED IN OPPOSITION (DKT. NO. 132) TO MBUSA'S MOTION FOR SUMMARY JUDGMENT**<br><br>JUDGE:   HON. DOLLY GEE<br>DATE:    SEPTEMBER 5, 2014<br>TIME:    2:00 P.M.<br>COURTROOM: 7<br><br>Complaint Filed:     Feb. 2, 2012<br>Discovery Cut-Off:   Dec. 20, 2014<br>Pretrial Conference: June 16, 2015<br>Trial Date:          July 7, 2015 |

CARROLL, BURDICK & McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF635660-1                                            Case No. 12-cv-0936-DMG-CW
MBUSA'S OBJECTIONS TO PLAINTIFF'S EVIDENCE CITED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

# EVIDENTIARY OBJECTIONS TO MATERIALS FILED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT

Pursuant to Federal Rules of Evidence 401, 802, and 901, and Local Rule 7-7, Mercedes-Benz USA, LLC ("MBUSA") hereby objects to and moves to exclude and/or strike the following materials cited by plaintiff in support of her Memorandum of Points and Authorities in Opposition to MBUSA's Motion for Summary Judgment, Dkt. No. 132 ("Opp."):

1. Exhibit 1 to the Declaration of Stephen M. Harris filed in support of Plaintiff's Application to Seal Documents Supporting Plaintiff's Class Certification Motion, Dkt. No. 94 ("Exhibit 1"); and

2. Paragraphs 12 and 13 of, and Exhibits 4 and 5 to, the Declaration of Robert L. Starr Supporting Plaintiff's Class Certification Motion, Dkt. No. 92-5 ("Starr Decl.").

"It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988); *Jackson v. City and County of San Francisco*, 2009 WL 3072459, at *2 (N.D. Cal. Sept. 22, 2009) (same). "Unauthenticated documents and hearsay evidence are inadmissible, and consequently, may not be considered on summary judgment." *Jackson*, 2009 WL 3072459, at *2 (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773-74 (9th Cir. 2002)). Because the above-referenced unauthenticated materials are comprised of unreliable hearsay and double-hearsay, lack any foundation, and are irrelevant to the pending motion, they should be excluded or stricken from the record, including plaintiff's attempted improper (*e.g.*, hearsay) uses of them.

## I. EXCERPTS FROM WARRANTY CLAIMS SUBMITTED BY INDEPENDENT THIRD PARTIES—TO OBTAIN MONEY FROM MBUSA—ARE INADMISSIBLE HEARSAY, IRRELEVANT, AND LACK ANY FOUNDATION

Exhibit 1 to Dkt. No. 94 consists of selected excerpts from warranty claims data compiled in spreadsheets, which were prepared solely for the purpose of

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF635660-1

Case No. 12-cv-0936-DMG-CW

MBUSA'S OBJECTIONS TO PLAINTIFF'S EVIDENCE CITED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1  responding to discovery in this matter. Edwards Decl. ¶ 6. The warranty claims
2  spreadsheets are comprised of warranty claims submitted to MBUSA by independent
3  Mercedes-Benz dealerships in California for certain interior trim components to the
4  extent they have chrome trim for model year 2006 to 2011 Mercedes-Benz CLS
5  vehicles. *Id.*

6        Plaintiff improperly uses the excerpts from the warranty spreadsheets, as well
7  as a couple calls to MBUSA's customer assistance center, to establish the "truth" of
8  out-of-court statements made in those documents and to imply, among other things,
9  that a very small percentage of persons may have sustained alleged "cuts" from
10 contact with chrome trim pieces in vehicles other than plaintiff's car. Opp. at 3:20-
11 4:19, 7:27; *see also* Edwards Decl. ¶ 11 (the number of alleged, unverified "cuts"
12 amounts to less than 0.19% of the number of California owners and lessees of model
13 year 2006 to 2011 Mercedes-Benz CLS vehicles).

14       These statements constitute classic hearsay—indeed, they constitute "hearsay
15 within hearsay":

16 - Level 1 hearsay: alleged oral statements from customers or other
17   persons to independent Mercedes-Benz dealerships or MBUSA call-
18   center representatives; and

19 - Level 2 hearsay: written statements by the independent service
20   technicians or call-center representatives about what the customers or
21   other persons allegedly said.

22       As noted, Exhibit 1 reflects text entries from warranty claims submitted by
23 independent third parties seeking reimbursement from MBUSA, so the exhibit
24 contains hearsay statements by dealership employees or others—*not* statements
25 made by MBUSA or its employees. Edwards Decl. ¶¶ 6-12. MBUSA does not and
26 cannot review each warranty claim submitted by independent dealerships to verify
27 the accuracy, validity, or appropriateness of any such hearsay statements. *Id.* ¶ 10.
28 Yet plaintiff offers these out-of-court statements against *MBUSA* as "proof" of their

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF635660-1      -2-      Case No. 12-cv-0936-DMG-CW
MBUSA'S OBJECTIONS TO PLAINTIFF'S EVIDENCE CITED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

own truthfulness—*i.e.,* that some vehicles purportedly had the alleged "Chrome Defect" and that a very small percentage of persons claimed to sustain a cut. *See, e.g.,* Opp. at 3:20-21("The Chrome Defect *is confirmed*" by these "warranty claims data and customer center calls.") (emphasis added), 7:7-9 (similar), 14:14-15 (same), 14:26-27 (same); *id.* at 8:25-28 (implying that the warranty claim entries are evidence of "chrome trim pieces having sharp or jagged edges," demonstrate a single "report [purportedly] by *MBUSA* of a cut hazard," and allegedly show that "*MBUSA* replaced a chrome trim piece due to a safety concern") (emphasis added).

All of these out-of-court statements are inadmissible under the hearsay rule. Fed. R. Evid. 802. Indeed, courts have routinely stricken, on hearsay and unreliability grounds, the use of such warranty claims and alleged customer complaints, and other hearsay statements by third persons contained in similar types of databases. *See, e.g., Smith v. Ford Motor Co.*, 462 F. App'x 660, 663 n.1 (9th Cir. 2011) (district court properly excluded records from Ford's warranty and customer complaint databases because they were inadmissible hearsay); *Hendricks v. Ford Motor Co.*, 2012 WL 4478308, at *1-*2 (E.D. Tex. Sept. 27, 2012) ("Customer complaints in a company's files are out-of-court statements. If they are offered to prove the truth of the matter asserted—that the incidents complained of in the report occurred as reported—they are hearsay and are inadmissible."); *Galloway v. Big G Express, Inc.*, 2008 WL 2704443, at *2 (E.D. Tenn. July 3, 2008) ("As to the warranty claims, the Court finds that they constitute hearsay to the extent such evidence is offered to establish a defective condition. The warranty claims are out-of-court statements and offered to prove the truth of such assertions, namely, that the deficiencies identified in the warranty claims actually occurred."); *Olson v. Ford Motor Co.*, 410 F. Supp. 2d 855, 861-62 (D.N.D. 2006) (Ford's customer complaints and warranty records "all constitute hearsay" because they could be "a complete fabrication or a self-serving exaggeration" and thus "would clearly not tend to establish that the brakes were ineffective, that the condition of the vehicle

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF635660-1   -3-   Case No. 12-cv-0936-DMG-CW
MBUSA'S OBJECTIONS TO PLAINTIFF'S EVIDENCE CITED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

was dangerous, that Ford was negligent, or that a defective condition existed"); *Harris v. Jamaica Auto Repair Inc.*, 2009 WL 2242355, at *4 (E.D.N.Y. July 27, 2009) (repair orders for automobiles were hearsay and "not admissible to prove that such repairs were in fact performed or necessary"); *Shimozono v. May Dep't Stores Co.*, 2002 WL 34373490, at *13 (C.D. Cal. Nov. 19, 2002) (defendant's records of customer complaints constitute inadmissible hearsay because, among other reasons, "[t]he problem is that the customer is under no duty to report accurately").

Plaintiff's attempted use of Exhibit 1 to Dkt. No. 94 raises several other evidentiary problems as well. First, hearsay statements about alleged issues with *other* vehicles, not plaintiff's car, are irrelevant to plaintiff's *individual* claims, the sole concern of MBUSA's motion. Fed. R. Evid. 401; *see, e.g.*, *Tate v. Hartsville/ Trousdale County*, 2010 WL 4054141, at *5-*6 (M.D. Tenn. Oct. 14, 2010) (summary judgment tests the validity of the named plaintiff's own claims, not whether unnamed class members might possess claims). In addition, counsel does not and cannot claim to have personal knowledge of any of the alleged statements reflected in Exhibit 1, *cf.* Dkt. No. 94 ¶¶ 1-2, and therefore cannot authenticate the exhibit's contents, rendering it separately inadmissible. Fed. R. Evid. 901; *Clark v. County of Tulare*, 755 F. Supp. 2d 1075, 1084 (E.D. Cal. 2010) (citation omitted) ("The Ninth Circuit 'has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment.'") (citation omitted); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990).

Accordingly Exhibit 1 to Dkt. No. 94 and any use of its contents are precluded because only admissible evidence can be considered in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c); *Jackson*, 2009 WL 3072459, at *2. Such hearsay statements and unauthenticated documents are inadmissible and, as such, cannot be considered on summary judgment. *Orr*, 285 F.3d at 773-74, 778.

/ / /

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF635660-1 -4- Case No. 12-cv-0936-DMG-CW
MBUSA'S OBJECTIONS TO PLAINTIFF'S EVIDENCE CITED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

## II. PLAINTIFF'S COUNSEL CANNOT PROVIDE SECOND-HAND TESTIMONY IN A DECLARATION, WHICH CONCERNS IRRELEVANT FACTS, IN ANY EVENT

The Opposition contends that "Plaintiff can identify a person who was compelled to have his wound sutured at a hospital emergency room . . . ." Opp. at 2:26-28; *see also id.* at 8:19-21, 14:26-15:1. But the only support for this "evidence" is counsel's own declaration in which he states that a former client of his sustained a "serious laceration to [his] finger when he opened the vehicle door . . . due to the chrome trim on the door." See Starr Decl. ¶ 12.

As an initial matter, this "evidence" is not admissible because it is irrelevant to the instant motion; the declaration testimony concerns an alleged incident that did ***not*** involve plaintiff's vehicle but, instead, concerns a completely different model and model year of vehicle and a different part. This alleged incident is inadmissible on that basis alone. Fed. R. Evid. 401-402; *Tate*, 2010 WL 4054141, at *5-*6; *L. Tarango Trucking v. County of Contra Costa*, 181 F. Supp. 2d 1017, 1027 (N.D. Cal. 2001) (at summary judgment "'[a]ny injury unnamed class members may have suffered is simply irrelevant to the question whether the named plaintiffs are entitled to'" relief) (citation omitted).

Moreover, Local Rule 7-7 mandates that "[d]eclarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)," which establishes that a "declaration used to support or oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence." L.R. 7-7; Fed. R. Civ. P. 56(c).

When an attorney's declaration is not made upon his or her personal knowledge, but instead merely recounts what the attorney was told, the declaration is not admissible to oppose a summary judgment motion because "[a]n attorney is not competent to testify as to what another individual is expected to say under oath." *Clark*, 755 F. Supp. 2d at 1083-84 (refusing to admit, in opposition to summary judgment, attorney's declaration stating what other witnesses might testify to); *Boyd*

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF635660-1  -5-  Case No. 12-cv-0936-DMG-CW
MBUSA'S OBJECTIONS TO PLAINTIFF'S EVIDENCE CITED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

*v. City of Oakland*, 458 F. Supp. 2d 1015, 1039 (N.D. Cal. 2006) (statements in plaintiff's attorney's declaration as to why plaintiff "walked in great pain" and what caused "the marks observed on [plaintiff's] wrists" were inadmissible to oppose summary judgment because they "f[e]ll outside of the scope of her personal knowledge, as she was admittedly not present to have observed the alleged causal incidents"); *Estremera v. United States*, 442 F.3d 580, 584 (7th Cir. 2006) (plaintiff's attorney's affidavit "based on the attorney's review of the relevant documents and his interviews with witnesses who had personal knowledge of the [relevant] circumstances" was insufficient to withstand summary judgment because "[s]econd-hand knowledge acquired in this way cannot, without more, establish that material facts are in dispute").

Counsel's declaration establishes that, at best, he has "second-hand knowledge" of his former client's alleged injury. There is certainly no indication that counsel was present to observe "the alleged causal incidents." *Boyd*, 458 F. Supp. 2d at 1039. The former client has not offered any testimony, and counsel may not testify as to what his former client *might* say under oath. As *Clark* underscored, where an attorney attempts to use such a declaration it "must be made upon personal knowledge and set forth facts that would be admissible in evidence if the *attorney* were testifying at trial." *Clark*, 755 F. Supp. 2d at 1083 (citing Fed. R. Civ. P. 56(e)) (emphasis added). Moreover, a "'hearsay assertion that would not be admissible if testified to at trial is not competent material for a Rule 56 affidavit.'" *Id.* (citation omitted).

Clearly, counsel cannot testify at trial about facts of which he has no personal knowledge (*e.g.*, because he never observed the alleged incident and only learned of it second-hand), so the out-of-court statements cannot be asserted in an attorney declaration either. *Id.* at 1083-84. "To hold otherwise would ignore the evidentiary rules of hearsay." *Id.* at 1084. Thus, Paragraphs 12 and 13 of the Starr Declaration,

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF635660-1   -6-   Case No. 12-cv-0936-DMG-CW
MBUSA'S OBJECTIONS TO PLAINTIFF'S EVIDENCE CITED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

and the accompanying Exhibits 4 and 5, *see* Dkt. No. 92-5, are inadmissible and should be excluded and/or stricken.

## CONCLUSION

For the foregoing reasons the Court should sustain Defendant's objections and strike and/or exclude Exhibit 1 to Dkt. No. 94; Paragraphs 12 and 13 of, and Exhibits 4 and 5 to, the Starr Declaration, Dkt. No. 92-5; and any references in the Opposition to these inadmissible materials.

Dated:  August 14, 2014           CARROLL, BURDICK & McDONOUGH LLP

By      */s/ Troy M. Yoshino*
      Troy M. Yoshino
      Attorneys for Defendant
      MERCEDES-BENZ USA, LLC

CARROLL, BURDICK & McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF635660-1               -7-              Case No. 12-cv-0936-DMG-CW
MBUSA'S OBJECTIONS TO PLAINTIFF'S EVIDENCE CITED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT